IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND JIM'S AND MRS. DONNA'S OLE FARM BEEF HOUSE, LLC and DIAMOND JIM'S & MRS. DONNA'S OF NORTHPORT, LLC<br><br>Defendants. | ) | CIVIL ACTION NO. 3:26cv151-TSL-RPM<br><br>COMPLAINT<br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 against Defendants Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, and Diamond Jim's & Mrs. Donna's of Northport, LLC. This action is brought to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Debbie Eggleston ("Charging Party"). As alleged with greater particularity in Paragraphs 25-35 below, the United States Equal Employment Opportunity Commission alleges that Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, unlawfully terminated Charging Party because of disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3).

4. At all relevant times, Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, was a limited liability company registered in Mississippi that did business in Meridian, Mississippi and continuously had at least 15 employees.

5. At all relevant times, Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, was continuously an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. Jimmy Dial was the sole member of Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC.

8. On July 17, 2025, Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, publicly announced that it would be relocating to the Northport, Alabama area.

9. Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, ceased operations in Meridian, Mississippi, on or around July 19, 2025.

10. On December 9, 2025, the Mississippi Secretary of State placed Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC into administrative dissolution.

11. Defendant Diamond Jim’s & Mrs. Donna’s of Northport, LLC, is a limited liability company registered in Alabama.

12. Jimmy Dial is the registered agent for Defendant Diamond Jim’s & Mrs. Donna’s of Northport, LLC.

13. Defendant Diamond Jim’s & Mrs. Donna’s of Northport, LLC, is the successor entity of Defendant Diamond Jim’s & Mrs. Donna’s Ole Farm Beef House, LLC.

14. Upon information and belief, Defendant Diamond Jim’s and Mrs. Donna’s Ole Farm Beef House, LLC is unable to provide relief in this lawsuit because it has ceased business operations and has been placed into administrative dissolution by the Mississippi Secretary of State.

15. Upon information and belief, Defendant Diamond Jim’s & Mrs. Donna’s of Northport, LLC, will substantially continue the business operations of Defendant Diamond Jim’s and Mrs. Donna’s Ole Farm Beef House, LLC at a new restaurant location in Northport, Alabama.

ADMINISTRATIVE PROCEDURES

16. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of the ADA by Defendant Diamond Jim’s and Mrs. Donna’s Ole Farm Beef House, LLC.

17. Through its member, Jimmy Dial, Defendant Diamond Jim's & Mrs. Donna's of Northport, LLC, received notice of this charge.

18. On August 27, 2025, the Commission issued to Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

19. Through its registered agent, Jimmy Dial, Defendant Diamond Jim's & Mrs. Donna's of Northport, LLC, had notice of the Letter of Determination.

20. The Commission engaged in communications with Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, to provide Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, the opportunity to remedy the discriminatory practices described in the Letter of Determination.

21. Through its registered agent, Jimmy Dial, Defendant Diamond Jim's & Mrs. Donna's of Northport, LLC, had notice of these communications.

22. On September 10, 2025, the Commission issued to Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, a Notice of Failure of Conciliation advising Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, that the Commission was unable to secure from Defendant Diamond

Jim's and Mrs. Donna's Ole Farm Beef House, LLC, a conciliation agreement acceptable to the Commission.

23. Through its registered agent, Jimmy Dial, Defendant Diamond Jim's & Mrs. Donna's of Northport, LLC, had notice of the Notice of Failure of Conciliation.

24. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF FACTS

25. On or around February 4, 2023, Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, engaged in unlawful employment practices in Meridian, Mississippi, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

26. Charging Party is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

27. Charging Party has an impairment, a seizure condition, that substantially limits major life activities.

28. Charging Party has a record of an impairment, a seizure condition, that substantially limits major life activities.

29. Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, regarded Charging Party as having a disability.

30. Charging Party began work for Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, on or around October 19, 2022.

31. When Charging Party began work for Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, Charging Party disclosed her seizure condition to Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC.

32. When Charging Party began work for Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, Charging Party informed Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, that she had not had a seizure in years.

33. On or around January 26, 2023, Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, learned that Charging Party had suffered a seizure earlier that month.

34. On or around February 4, 2023, Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, terminated Charging Party.

35. Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, informed Charging Party in writing that Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, was terminating her "so [she could] focus more on [her] health."

COUNT I: DISPARATE TREATMENT BASED ON ACTUAL DISABILITY

36. Plaintiff hereby incorporates and realleges Paragraphs 25-35 as though fully set forth herein.

37. Charging Party is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(A) and 12111(8).

38. Charging Party has an impairment, a seizure condition, that substantially limits major life activities.

39. Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, discriminated against Charging Party because of her disability by terminating her because of her seizure condition.

40. The effect of the practices complained of in Paragraphs 36-39 above has been to deprive Charging Party of equal employment opportunities and otherwise affect her status as an employee because of her disability.

41. The unlawful employment practices complained of in Paragraphs 36-39 above were intentional.

42. The unlawful employment practices complained of in Paragraphs 36-39 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## COUNT II: DISPARATE TREATMENT BASED ON RECORD OF DISABILITY

43. Plaintiff hereby incorporates and realleges Paragraphs 25-35 as though fully set forth herein.

44. Charging Party is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(B) and 12111(8).

45. Charging Party has a record of an impairment, a seizure condition, that substantially limits major life activities.

46. Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, discriminated against Charging Party because of her disability by terminating her because of her record of her seizure condition.

47. The effect of the practices complained of in Paragraphs 43-46 above has been to deprive Charging Party of equal employment opportunities and otherwise affect her status as an employee because of her disability.

48. The unlawful employment practices complained of in Paragraphs 43-46 above were intentional.

49. The unlawful employment practices complained of in Paragraphs 43-46 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## COUNT III: DISPARATE TREATMENT BASED ON PERCEIVED DISABILITY

50. Plaintiff hereby incorporates and realleges Paragraphs 25-35 as though fully set forth herein.

51. Charging Party is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(C) and 12111(8).

52. Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, regarded Charging Party as having a disability.

53. Defendant Diamond Jim's and Mrs. Donna's Ole Farm Beef House, LLC, discriminated against Charging Party because of her disability by terminating her because of an actual or perceived impairment.

54. The effect of the practices complained of in Paragraphs 50-53 above has been to deprive Charging Party of equal employment opportunities and otherwise affect her status as an employee on the basis of disability.

55. The unlawful employment practices complained of in Paragraphs 50-53 above were intentional.

56. The unlawful employment practices complained of in Paragraphs 50-53 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their owners, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against qualified individuals on the basis of disability.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals regardless of disability and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendants to make Charging Party whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendants to make Charging Party whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendants to make Charging Party whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above including, but not limited to, emotional pain

and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Charging Party punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

G. Order Defendants to provide Charging Party appropriate equitable relief in the form of reinstatement and/or an appropriate award of front pay.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Catherine L. Eschbach
Acting General Counsel

Christopher Lage
Deputy General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

*/s/ Marsha L. Rucker*
Marsha Lynn Rucker (PA 90041)
Regional Attorney
marsha.rucker@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 651-7045

*/s/ Jay Kucia*
Jay Kucia (MS Bar No. 106123)
Trial Attorney
jay.kucia@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Jackson Area Office
Dr. A. H. McCoy Federal Building
100 West Capitol Street, Suite 338
Jackson, Mississippi 39269
Tel.: (769) 487-6906